963 So.2d 700 (2007)
Rondah GARRETT and Judy Bates Queen
v.
STATE of Alabama.
CR-05-1058.
Court of Criminal Appeals of Alabama.
January 12, 2007.
Rehearing Denied February 16, 2007.
Charles Todd Henderson, Columbiana; and Mickey L. Johnson, Pelham, for appellants.
Troy King, atty. gen., and Stephanie N. Morman and Marc A. Starrett, asst. attys. gen., for appellee.
*701 BASCHAB, Judge.
AFFIRMED BY UNPUBLISHED MEMORANDUM. NO OPINION.
McMILLAN, P.J., and COBB and WISE, JJ., concur; SHAW, J., concurs specially, with opinion.
SHAW, Judge, concurring specially.
In State v. Ted's Game Enterprises et al., 893 So.2d 355 (Ala.Civ.App.2002), aff'd, 893 So.2d 376 (Ala.2004), the Alabama Court of Civil Appeals, analyzing the meaning of the work "skill" within the context of the limiting effect of § 65, Ala. Const. of 1901, on the authorization of lotteries, noted:
"[T]he mere fact that the outcome of a game, either in a single play or over multiple plays, can be affected by an understanding of the laws of probability or an understanding of the rules of the game, or can be affected by other recognizable techniques or knowledge, does not change the fundamental nature of that game. Simply put, a player's understanding of the rules or of the laws of probability relating to a game of chance does not change the fact that he is playing a game of chance. A player may be `skilled' at `playing the odds,' but he is still `playing the odds.'"
893 So.2d at 375.
I agree with the majority that "Texas Hold'em" poker is fundamentally a game of chance, in that the outcome of the game ultimately depends on a random draw of the cards. I do not disagree with the appellants' argument that a person must possess a certain amount of experience and skill in order to be a successful "Texas Hold'em" poker player. However, a player's skill does not change the fundamental nature of the game. As the Court of Civil Appeals noted, "[a] player may be `skilled' at `playing the odds,' but he is still `playing the odds.'" 893 So.2d at 375. Because "Texas Hold'em" poker is, in my view, chance predominant, I agree with the majority that the appellants' convictions for promoting gambling, in violation of § 13A-12-22, Ala.Code 1975, are due to be affirmed.